IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON


GREAT EARTH CHEMICAL, LLC,
an inactive Oregon-based
limited liability company;
GREAT EARTH CHEMICAL,                    NO. 3:13-CV-01811-HZ
a wholly-owned subsidiary;
NORTH AMERICAN WORLD TRADE               OPINION & ORDER
GROUP, INC., an Oregon corporation;
CLIFF CHULOS; VERN ADEN; AND
STEVE ALLISON, individuals,

                Plaintiffs,

        v.

DIVERSITY SUPPLIERS, LLC
an Illinois limited liability company
doing business as Great Earth Chemical,
LLC,

                Defendant.


\ \ \

\ \ \

\ \ \


1 - OPINION & ORDER

Nicholas J. Slinde
Phillip J. Nelson
Slinde & Nelson, LLC
111 SW Fifth Avenue
Suite 1740
Portland, OR 97204

      Attorneys for Plaintiffs

Chad M. Colton
Markowitz Herbold Glade & Mehlhaf, PC
1211 SW Fifth Avenue
Suite 3000
Portland, OR 97204

Dean C. Eyler
Nicholas H. Callahan
Gray Plant Mooty
500 IDS Center
80 South Street
Minneapolis, MN 55402

      Attorneys for Defendant

HERNANDEZ, District Judge:

    This action arises out of a dispute over whether Plaintiffs or Defendant are rightfully entitled to the proceeds of a class action settlement (the "Settlement Fund"), the distribution of which a federal court in the Eastern District of New York is overseeing. Both Plaintiffs and Defendant believe they own the right to a portion of the Settlement Fund, and consequently both filed a claim to that fund with the New York court. Compl. ¶ 9. Whether Plaintiffs or Defendant are entitled to the Settlement Fund turns on an interpretation of two asset purchase agreements, both of which are governed by Oregon law. The first agreement transferred some of Plaintiffs' assets to a third party, Ruth Yien. Id. ¶ 6. The second agreement transferred those same assets from Ruth Yien to Defendant. Id. ¶ 7. The parties dispute whether the right to the Settlement Fund was included in the transferred assets.

    Plaintiffs bring two claims for relief against Defendant. The first claim seeks a declaratory judgment that Plaintiffs, not Defendant, are entitled to the Settlement Fund. The

2 - OPINION & ORDER

second claim alleges that Defendant intentionally interfered with Plaintiffs' prospective economic advantage—their right to the Settlement Fund—when Defendant filed its claim to the Settlement Fund.

Defendant moves to dismiss, arguing that Plaintiffs' declaratory judgment claim should be dismissed because the issue of whether Plaintiffs or Defendant are entitled to the Settlement Fund is already being litigated in New York. Additionally, Defendant argues that pursuant to Federal Rule of Civil Procedure 12(b)(6), Plaintiffs' tort claim must be dismissed because it fails to state a claim. In a separate motion, Defendant moves to stay discovery [13].

I granted Defendant's motion to dismiss at the conclusion of a hearing on these issues on February 26, 2013; I am issuing this Opinion & Order to explain why I did so. Plaintiffs' declaratory judgment claim is dismissed in order to promote judicial economy. Plaintiffs' tort claim is dismissed because Plaintiffs fail to sufficiently plead an economic relationship and improper means or improper purpose. They also fail to allege that Defendant acted intentionally. Because I dismiss both of Plaintiffs' claims, Defendant's motion to stay discovery is denied as moot.

**STANDARDS**

I.    Declaratory Judgment

The Declaratory Judgment Act authorizes district courts to declare the rights and other legal relations of cases of "actual controversy within [their] jurisdiction," and grants the court discretion to entertain a suit for declaratory relief:

> In a case of actual controversy within its jurisdiction . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought.  Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such.

28 U.S.C. § 2201(a).

The authority granted under this section is permissive, not mandatory. Gov't Emps. Ins. Co. v. Dizol, 133 F.3d 1220, 1223 (9th Cir. 1998) (en banc).  However, the district court must

determine on the record whether it should exercise its discretion, guided by the factors identified in <u>Brillhart v. Excess Insurance Co. of America</u>, 316 U.S. 491 (1942), and its progeny.  <u>Id.</u> at 1223, 1225 (<u>Brillhart</u> factors "remain the philosophic touchstone for the district court.").

The factors are: (1) avoiding needless determinations of state law issues; (2) discouraging litigants from filing declaratory actions as a means of forum shopping; and (3) avoiding duplicative litigation. <u>Id.</u> at 1225. In addition, other considerations may be relevant: (1) whether the declaratory action will settle all aspects of the controversy; (2) whether the declaratory action will serve a useful purpose in clarifying the legal relations at issue; (3) whether the declaratory action is being sought merely for the purposes of procedural fencing or to obtain a "res judicata" advantage; (4) whether the use of a declaratory action will result in entanglement between the federal and state court systems; (5) the convenience of the parties; and (6) the availability and relative convenience of other remedies. <u>Id.</u> at 1225 n.5.

II.    Motion to Dismiss

A motion to dismiss under Rule 12(b)(6) tests the sufficiency of the claims. <u>Navarro v. Block</u>, 250 F.3d 729, 732 (9th Cir. 2001). "All allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party." <u>Am. Family Ass'n, Inc. v. City & Cnty. of S.F.</u>, 277 F.3d 1114, 1120 (9th Cir. 2002). However, the court need not accept conclusory allegations as truthful. <u>Warren v. Fox Family Worldwide, Inc.</u>, 328 F.3d 1136, 1139 (9th Cir. 2003) ("[W]e are not required to accept as true conclusory allegations which are contradicted by documents referred to in the complaint, and we do not necessarily assume the truth of legal conclusions merely because they are cast in the form of factual allegations.") (citation and internal quotation marks omitted).

A motion to dismiss under Rule 12(b)(6) will be granted if plaintiff alleges the "grounds" of his "entitlement to relief" with nothing "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action[.]" <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level .

. . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)[.]" Id. (citations and footnote omitted).

To survive a motion to dismiss, the complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face[,]" meaning "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). Additionally, "only a complaint that states a plausible claim for relief survives a motion to dismiss." Id. at 679. The complaint must contain "well-pleaded facts" which "permit the court to infer more than the mere possibility of misconduct." Id.

**DISCUSSION**

I.     Motion to Dismiss Plaintiffs' Declaratory Judgment Claim

Defendant moves to dismiss Plaintiffs' claim seeking a declaratory judgment that Plaintiffs, not Defendant, are entitled to the Settlement Fund. Defendant argues that "there is a pending motion on that very issue in front of the New York federal court that has jurisdiction over those proceeds, and therefore, there is no good reason for this Court to allow a duplicate proceeding in Oregon to attempt to determine the same issue." Def.'s Mem. Supp. Def.'s Mot. Dismiss ("Def.'s Mem.") 6. Plaintiffs do not dispute that the issues in their declaratory judgment claim and in the pending New York action are the same. Rather, Plaintiffs respond that I should entertain their declaratory judgment claim because it involves interpreting asset purchase agreements governed by Oregon law and that an Oregon court is better equipped to do that than a New York court. Pls.' Mem. Opp. Def.'s Mot. Dismiss ("Pls.' Opp. Mem.") 5. I disagree.

Applying the Brillhart factors, I note first that there is no pending state action that presents a conflict, so the factors related to states are not relevant. However, the parties do not dispute there is a pending federal action in the Eastern District of New York on the issue presented here: whether Plaintiffs or Defendant own the right to a portion of the Settlement Fund. Ordinarily, the "first-to-file rule" would govern such conflicting federal claims, giving the court discretion to dismiss the more recently filed claim in order to promote judicial economy.

5 - OPINION & ORDER

AmerisourceBergen Corp. v. Roden, 495 F.3d 1143, 1156 (9th Cir. 2007). Additionally, courts may dismiss a conflicting federal claim based on the similarity of the parties and the similarity of the issues. See Alltrade, Inc. v. Uniweld Prods., Inc., 946 F.2d 622, 625 (9th Cir.1991). While those cases do not address the application of the "first-to-file rule" in the context of competing claims to settlement funds on the one hand and separate litigation elsewhere on the other (as is the context here), the underlying principle of judicial economy still applies.

Here, the class action that resulted in the Settlement Fund (styled In re Vitamin C Antitrust Litigation, No. 1:06-MD-1738) was filed on February 22, 2006 in the Eastern District of New York. Plaintiffs allege they were notified by the New York court in August 2012 that the class action settled and that all companies that purchased Vitamin C from the class action defendants between December 1, 2001 and June 30, 2006 were entitled to a portion of the Settlement Fund. Compl. ¶ 8. It is unclear when Plaintiffs filed their claim to the Settlement Fund, though Defendant does not dispute that Plaintiffs did. Plaintiffs do not dispute that Defendant filed its claim on October 15, 2012. See Callahan Decl. Ex. 1, at 64 (Defendant's claim to the Settlement Fund).

In February 2013, Plaintiffs emailed Defendant arguing that Defendant had no claim to the Settlement Fund because the right to that fund was not contained in the asset purchase agreements between Plaintiffs and Yien, or Yien and Defendant. Callahan Decl. Ex. 1, at 7. Defendant disagreed, interpreting the asset purchase agreements to contain the right to the Settlement Fund. Id. In September 2013, the New York court approved the distribution of the Settlement Fund. Id. at 5. About that time, Defendant discovered its claim had been withdrawn; Defendant alleges that Yien, colluding with Plaintiffs, improperly withdrew its claim. Id. at 8. On October 10, 2013, Defendant notified the settlement administrator of the withdrawal and that it suspected Plaintiffs were responsible. Id. Plaintiffs then submitted documents to the settlement administrator asserting that they, not Defendant, were entitled to the Settlement Fund. See id. The next day, October 11, 2013, Plaintiffs filed the Complaint in this action. On October 21, 2013, the settlement administrator notified both parties that it would not rule on the legal dispute

6 - OPINION & ORDER

of whether Plaintiffs or Defendant owned the claim to the Settlement Fund, and that the parties should bring that dispute before the Eastern District of New York trial judge. Id. at 19-20 (email exchange between the settlement administrator, Plaintiffs, and Defendant, discussing resolution of which party owns the right to the Settlement Fund). That dispute is ongoing as of this writing.

Although Plaintiffs' action here was filed *before* the parties filed their briefs regarding the dispute with the New York trial judge, it was filed long after the dispute began in February 2013 with the email exchange between Plaintiffs and Defendant. Also, Plaintiffs filed this Complaint the *day after* Defendant and Plaintiffs argued about their competing claims to the settlement administrator. I consider the competing claims to the Settlement Fund to be part of the ongoing class action, and not as separate and new litigation. Thus, I view the litigation here as commencing after the litigation in New York. Accordingly, the "first-to-file rule" advises that I dismiss this claim.

Next, Plaintiffs' declaratory judgment claim is duplicative litigation that Brillhart guards against. Plaintiffs asserted at oral argument that this is not duplicative litigation because the issue of whether Plaintiffs or Defendant are entitled to the Settlement Fund was not properly pled to the New York court. Plaintiffs argued that, in contrast, they properly pled their declaratory judgment claim with this Court, making it the proper forum to determine that issue. Thus, Plaintiffs argued, this Court is merely resolving an issue inextricably related to the New York case, but an issue that the New York court cannot resolve; accordingly, this is not duplicative litigation. I disagree for two reasons.

First, it is undisputed that both the parties and the issue are the same in this action and the New York action—whether Plaintiffs or Defendant are entitled to the Settlement Fund, an issue which turns on the interpretation of the asset purchase agreements between Plaintiffs and Ruth Yien, and between Yien and Defendant. Second, the New York court has jurisdiction over the claims process regarding the Settlement Fund as well as the distribution of those funds.[1] A court

---

[1] The parties do not dispute they submitted to the jurisdiction of the Eastern District of New York when they filed their Settlement Fund claim.

that administers a class action has authority to expand discovery and to examine evidence to determine class membership. Necessarily, then, that court also has authority to resolve disputes among class members or potential class members. This is a dispute among potential class members, Plaintiffs and Defendant, over who is entitled to proceeds from the class action settlement. Thus, this litigation is duplicative and allowing it to continue would be a waste of judicial resources, both here and in New York.

Moreover, because Plaintiffs filed this action the day after they and Defendant argued to the settlement administrator about who owned the claim, Plaintiffs' action seems expressly aimed to gain a "res judicata" advantage. If this Court declares that Plaintiffs own the assets that give the right to the Settlement Fund, the dispute pending in New York would be moot.

Lastly, there is available a convenient remedy that is not this declaratory judgment action: the pending action in New York.

Although entertaining and deciding Plaintiffs' declaratory judgment claim might clarify the legal issues and settle all aspects of this dispute, those considerations are far outweighed by the considerations above. Therefore, I grant Defendant's motion to dismiss Plaintiffs' declaratory judgment claim.

II.    Motion to Dismiss Plaintiffs' Claim for Intentional Interference with a Prospective Economic Advantage

Plaintiffs allege that Defendant intentionally interfered with their prospective economic advantage when Defendant filed a claim to the Settlement Fund, to which Plaintiffs believe they, not Defendant, are entitled. To prove intentional interference with a prospective economic advantage, Plaintiffs must show:

> (1) the existence of a professional or business relationship (which could include, *e.g.,* a contract or a prospective economic advantage); (2) intentional interference with that relationship or advantage; (3) by a third party; (4) accomplished through improper means or for an improper purpose; (5) a causal effect between the interference and the harm to the relationship or prospective advantage; and (6) damages.

Allen v. Hall, 328 Or. 276, 281, 974 P.2d 199, 202 (1999).

Defendant contends that Plaintiffs fail to identify an economic relationship or any improper means or improper purpose. Def.'s Mem. 4-6. I agree with Defendant and grant its motion to dismiss Plaintiffs' tort claim.

A.  Allegations in the Complaint

Plaintiffs assert they had "a vested economic interest in the Settlement Fund by virtue of the contractual relations that were at issue in the New York class action litigation." Compl. ¶ 17. Plaintiffs do not explain what those contractual relations are nor do Plaintiffs plead any additional facts that would allow an inference that those contractual relations are sufficient to state their claim. Rather, this is a conclusory allegation that is insufficient to state a claim under Twombly and Iqbal.

Similarly, Plaintiffs assert that Defendant acted "through wrongful means and with wrongful purpose." Id. Plaintiffs again offer no additional facts from which to infer improper means or improper purpose. Rather, Plaintiffs' assertion here is a formulaic recitation of that element and is thus insufficient to state a claim under Twombly and Iqbal.

Lastly, although Defendant does not raise intent in its motion to dismiss, Plaintiffs do not allege that Defendant's action was intentional. Rather, Plaintiffs merely state that Defendant "has, through wrongful means and with wrongful purpose, attempted to interfere in the distribution of the Settlement Funds." Id. Without an allegation of *intentional* interference, the tort claim must be dismissed.

Therefore, I grant Defendant's motion to dismiss Plaintiffs' tort claim.

B. Dismissal With or Without Prejudice

    1. Economic Relationship

Defendant argues that Plaintiffs' tort claim cannot be based on Plaintiffs' participation in the New York class action litigation and the dispute over the Settlement Fund. Def.'s Mem. 5-6. Defendant cites Fox v. Country Mut. Ins. Co., 169 Or. App. 54, 7 P.3d 677 (2000), to argue that participation in civil litigation is not an economic relationship under the tort of intentional interference with a prospective economic advantage, and that the tort does not protect a

prospective interest in the outcome of litigation. Id. As a result, Defendant argues the tort claim must be dismissed with prejudice.

At oral argument and in their response to Defendant's motion, Plaintiffs argued their economic relationship is not based in civil litigation, but rather two contractual relationships: 1) Plaintiffs' Asset Purchase Agreement with Ruth Yien (the terms of which are the heart of the dispute over the Settlement Fund); and 2) "the contractual relationship(s) between [Plaintiffs] and their suppliers of Vitamin C which were the subject of the class action litigation."[2] See Pls.' Opp. Mem. 9-10. Plaintiffs do not explain why their contractual relationship with Yien yields an economic relationship sufficient to state their claim. But Plaintiffs do explain that because their contractual relationship with the Vitamin C suppliers existed within the 2001-2006 time period at issue in the class action, Plaintiffs own the claim to the Settlement Fund. Compl. ¶ 8.

In order to show that an economic relationship exists, "a plaintiff must establish a voluntary relationship with another party that would have very likely resulted in a pecuniary benefit for the plaintiff but for the defendant's interference." Cron v. Zimmer, 255 Or. App. 114, 127, 296 P.3d 567, 576 (2013). Here, I have concerns that Plaintiffs' contractual relationships, with either Yien or the Vitamin C suppliers, could support their tort claim. Furthermore, I agree with Defendant that Plaintiffs' claim to a portion of the Settlement Fund is a prospective interest in the outcome of civil litigation. However, I am reluctant to make a final determination on this element without allowing Plaintiffs the opportunity to more fully develop their allegations.

2. Improper Means or Improper Purpose

Plaintiffs asserted at oral argument that through discovery they might learn Defendant acted with improper purpose by misrepresenting its claim or acting fraudulently. Plaintiffs also argued at oral argument and in their response to Defendant's motion that Defendant acted by

---

[2] In their response, Plaintiffs identify a third contractual relationship: "the contractual relationship of [Plaintiffs] and those suppliers of Vitamin C that resulted in the 'settlement' of the class action litigation, and the *post* settlement dispute to the Settlement Funds now at issue." Pls.' Opp. Mem. 9-10. However, I cannot distinguish that relationship from Plaintiffs' second contractual relationship, so I consider only the latter.

improper means because its act of filing a claim to the Settlement Fund was "unfounded litigation." See Pls.' Opp. Mem. 11.

Plaintiffs' desire to learn facts through discovery that might show Defendant misrepresented itself in some way is a fishing expedition prohibited by Iqbal and Twombly. See Iqbal, 556 U.S. at 678-79 (FRCP 8 "does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions.") (citing Twombly, 550 U.S. at 555 ("Although for the purposes of a motion to dismiss we must take all of the factual allegations in the complaint as true, we are not bound to accept as true a legal conclusion couched as a factual allegation.") (internal quotation marks omitted)).

As to their second argument, I have doubts that filing a claim to a portion of proceeds from a class action settlement, as Defendant did, could be "unfounded litigation." Plaintiffs are correct that "unfounded litigation" constitutes improper means. See Top Serv. Body Shop, Inc. v. Allstate Ins. Co., 283 Or. 201, 210 n.11, 582 P.2d 1365, 1371 n.11 (1978) (improper means may be wrongful by reason of statutory or common law and include "violence, threats, intimidation, deceit, misrepresentation, bribery, unfounded litigation, defamation and disparaging falsehood."). However, including "unfounded litigation" among conduct like violence and threats implies that for litigation to be "unfounded," it must be motivated by some level of malice or ill will. Here, Plaintiffs do not allege or provide any facts that might show that Defendant acted to injure them or that it was motivated by anything but its own self-interest in obtaining a portion of the Settlement Fund.

Therefore, I have concerns that even if Plaintiffs were allowed to amend their Complaint to allege Defendant acted improperly by instigating "unfounded litigation," Plaintiffs would be unable to state a claim. However, like the element of an economic relationship, I am reluctant to make a final determination about improper means or improper purpose without allowing Plaintiffs the opportunity to more fully develop their allegations. Consequently, I dismiss Plaintiffs' tort claim without prejudice.

11 - OPINION & ORDER

III.    Motion to Stay Discovery

Because Plaintiffs' claims are dismissed, Defendant's motion to stay discovery is moot.

**CONCLUSION**

Defendant's motion to dismiss [10] is granted. Plaintiffs' claim for a declaratory judgment is dismissed from this Court, but without prejudice to continue the litigation pending in the Eastern District of New York. Plaintiffs' claim for intentional interference with a prospective economic advantage is dismissed without prejudice. Any amended complaint is due within fourteen (14) days from the date of this Opinion & Order. Defendant's motion to stay discovery [13] is denied as moot.

IT IS SO ORDERED.

Dated this ____ day of _____, 2014.

MARCO A. HERNANDEZ
United States District Judge